MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorney for Plaintiff Chapter 7 Trustee
Christopher P. Burke

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

IN RE

METAL RECOVERY SOLUTIONS, INC., aka MRS, INC,

Debtor(s).

_____

CHRISTOPHER P. BURKE, in his capacity as Chapter 7 Trustee of METAL RECOVERY SOLUTIONS, INC.,

Plaintiff,

vs.

METAL RECOVERY SOLUTIONS, INC., aka MRS, Inc., THOMAS SEAL, JETTE SEAL, DIFFERENTIAL ENGINEERING, Inc, a Nevada corporation and MARK SHONNARD,

Defendants.

_____/

BK-N- 20-50660-GS
CHAPTER 7

Adv. No. 21-05066-GS

Hearing Date: MST Pending
and Time: _____
Mtn No. _____
MOTION TO MODIFY DECEMBER 21, 2020 PROTECTIVE ORDER

Chapter 7 Trustee, Christopher P. Burke, files the following Motion to Modify this Court's December 21, 2020 Protective Order in order to unseal a Technology License Agreement.

**1.  Background**

On November 9, 2020, Geo-Logic Associates, Inc. ("GLA") and Jex Technologies, Inc. ("JEX") filed a stipulation seeking a protective order to facilitate the exchange of

1

information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights (Main ECF. 66). On December 21, 2020 this Court entered a protective order (Main ECF 81).

Paragraph 10. of this Order states:

10. Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

On February 2, 2023 this Court held a status hearing in the adversary case (Adv. ECF 67). At that time, the Court set March 24, 2023 as the hearing date on the Trustee's Motion to Approve Sale of Claims and Other Bankruptcy Estate Assets. In order to meet the 28 day notice requirement under the Bankruptcy Rules, the last day the Motion could be filed was Friday, February 24, 2023. GLA and the Trustee had agreed as to the final form and content of the Motion on February 23, 2023.

On February 23, 2023 the Trustee filed a Motion to Approve Sale of Claims and Other Bankruptcy estate Assets (Adv. ECF 68); Main ECF 255). The Trustee's counsel inadvertently filed Exhibit 1, which was a Technology License Agreement between Differential Engineering and JEX. This document had been sealed.

As a result, on February 28, 2023 the Trustee's counsel filed a motion to redact the motions in the main and adversary cases. See (Adv. ECF 75 and Main ECF 262). The motions were redacted on March 1, 2023. See Adv. ECF 76 and Main ECF 270. Trustee's counsel also agreed with JEX's counsel to send a letter to all parties who received the February 23, 2023 motion to destroy the License Agreement.

**2.    Relief Sought**

Given the inadvertent filing of the License Agreement on February 23, 2023, the proper and immediate course of action was to file a motion to redact it. However, in its March 31, 2022 Memorandum Decision on Omnibus Objection to Claims 2 and 3, this Court specifically found that Differential holds the patents to the Hydro-Jex technology. Differential has licensed the

Hydro-Jex patents to MRS. Beginning in 2019, Differential also licensed the patents to Jex Technologies, Inc (ECF 202, page 1, Lines 25-28).

Since the Debtor's rights to the patent license are part of the assets being sold, the Trustee has a fiduciary duty to disclose the License Agreement between Differential Engineering and JEX. This way any potential bidder will know the contents of the License Agreement

The Trustee is therefore seeking an order to unseal the License Agreement, and that he be allowed to mail a copy of it to the matrix with the order entered by this Court if the motion is granted.

### 3.    Authority

#### A.    THIS COURT'S MARCH 31, 2022 FINDINGS

The Differential/JEX Technology License Agreement is dated July 23, 2019. This Court made a specific finding that "The September 2019 minutes (for MRS) reflect that MRS retained authorization to use the Hydro-Jex technology in the Turkey area with the Labris mine project. . . . . The patent licensing deal with Jex was also included in the minutes, having been signed in July 2019." (ECF 202 page 5, Lines 19-25).

This Court also stated in its opinion that "The amount of each monthly charge appears to be based upon the market price of eleven ounces of gold, which varies month to month. That same monthly price is reflected in the Jex patent license agreement with Differential." (ECF 202 page 6, Lines 1-8).

Finally, the Court concluded:

> In sum, the patent license agreement as memorialized in the MRS board meeting minutes lacks valid consideration and is unenforceable as Differential was under a pre-existing duty to allow MRS to use the Hydro-Jex technology.

(ECF 202 page 23, Lines 13-18).

#### B.    SEALED RECORDS AND THE TRUSTEE'S FIDUCIARY DUTY

This is a motion to Approve Sale of Claims and Other Bankruptcy Estate Assets. the Purchased Assets being sold include one claim adverse to the buyer, Geo-Logic: The pending appeal, *Geo-Logic Associates, Inc. v. Metal Recovery Solutions, Inc*, No. 20-15157 (9th Cir.).

3

For this reason, the Court must apply both the §363 sale analysis and the factors required for approval of a compromise under Fed. R. Bank. Proc. 9019. *Spark Factor Design, Inc. v. Hjelmeset (In re Open Medicine Inst., Inc.)*, 639 B.R. 169, 182 (B.A.P. 9th Cir. 2022).

This is not the first time sealed records have clashed with the Trustee's fiduciary duties under §363(b) and Fed. R. Bank. P. 9019. *In re Apply 2 Save, Inc.*, BKR. 09-20607-TLM, 2011 WL 1363771 (Bankr. D. Idaho Apr. 11, 2011) is worth noting. There, Judge Myers said "[T]he idea of sealing the record utilized by a trustee to support the proper exercise of his discretion in settling causes of action of the estate is incompatible with the authorities governing approval of settlements discussed below. In material part, a trustee—as fiduciary to creditors—is required to explain why he proposes a compromise and the reasons he chooses to exercise his discretion in a particular way. One of the factors to be considered, as identified *infra*, is a 'proper deference' to the views of creditors of the estate as to the suggested settlement. One must wonder how creditors can even form those views in the absence of information due to a 'sealed' factual record." Id at *2.

The Judge continued: "And not only is sealing inconsistent with the sort of disclosure required under Rules 9019 and 2002 when compromises in bankruptcy are proposed, it is inconsistent with the general proposition that the judicial records and processes of the federal courts are open and public." Id at *2

Other Courts are in accord. See *In re Purdue Pharma L.P.*, 632 B.R. 34, (Bankr. S.D.N.Y. 2021) noting that 11 U.S.C. §107(b)(1) recognizes a commercial information exception. Commercial information is defined as information that would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor. The Court added commercial information has been held to include information that if publicly disclosed would adversely affect the conduct of the bankruptcy case. But it is not a safe harbor for those who crave privacy or secrecy for its own sake. Id 39-40. See also *In re Rapid-Am. Corp.*, 13-10687, 2017 WL 6459348, at *1 (Bankr. S.D.N.Y. Dec. 15, 2017), setting forth the same definitions.

4

## 4. Conclusion

For the reasons stated, the Trustee respectfully requests that this Court enter an Order granting his Motion to Modify the December 21, 2020 Protective Order in order to unseal the Technology License Agreement between Differential Engineering and JEX.

Dated: This ___ day of March, 2023

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

5